UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff<br><br>v.<br><br>MARKMAN BIOLOGICS CORP., et al.,<br><br>Defendants | Case No.: 2:23-cv-00288-APG-DJA<br><br>**Order Granting in Part and Denying in Part Motion to Strike**<br><br>[ECF No. 12] |

The Securities and Exchange Commission (the "SEC" or the "Commission") brings this enforcement action against Markman Biologics Corp., Alan Shinderman, and relief defendant Aspen Asset Management Services, LLC ("AAM").[1] Markman Biologics holds patents relating to micro-surfacing skin graft technology. Alan Shinderman is the CEO of Markman Biologics and sole owner and operator of AAM. AAM entered into an agreement with Markman Biologics to provide various business services. This enforcement action arises from the defendants' various securities offerings to raise money for Markman Biologics' operations.

The SEC brings claims against the defendants for fraud in the offer, purchase, or sale of securities and offering and selling unregistered securities through interstate commerce. The SEC seeks disgorgement of AAM's unjust enrichment. In their answer, the defendants assert 30 items they characterize as affirmative defenses. The SEC moves to strike, or construe as denials, several of the affirmative defenses on various grounds.[2] I grant the SEC's motion in part. As the

---

[1] Markman Biologics entered into a final judgment with the SEC and is no longer a party to this suit. ECF Nos. 38-39.

[2] In its reply, the SEC withdraws its motion to strike affirmative defenses 2, 5, 6, 13, 14, and 15. ECF No. 17 at 8. Additionally, in their response, the defendants withdraw affirmative defense 4. ECF No. 15 at 16.

parties are familiar with the facts of this case, I repeat them here only as necessary for my analysis.

### I. Legal Standard

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (simplified), *overruled on other grounds*, 510 U.S. 517 (1994). It is within my discretion whether to grant a 12(f) motion to strike. *Id.*

"An affirmative defense is one that precludes liability even if all of the elements of the plaintiff's claim are proven." *Gomez v. J. Jacobo Farm Lab. Contractor, Inc.*, 188 F. Supp. 3d 986, 991 (E.D. Cal. 2016); *see also Safeway Transit LLC v. Disc. Party Bus, Inc.*, 954 F.3d 1171, 1182 (8th Cir. 2020) ("An 'affirmative defense' is '[a] defendant's assertion of facts and arguments that, if true, will *defeat* the plaintiff's . . . claim, even if all the allegations in the complaint are true.'" (quoting *Defense, Black's Law Dictionary* (11th ed. 2019))). But, "[a] defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). "An affirmative defense may be insufficient either as a matter of law or as a matter of pleading." *Gomez*, 188 F. Supp. 3d at 991 (simplified). An affirmative defense is insufficient as a matter of law "where there are no questions of fact, that any questions of law are clear and not in dispute, and . . . under no set of circumstances could the defense succeed." *Ramirez v. Ghilotti Bros. Inc.*, 941 F. Supp. 2d 1197, 1204 (N.D. Cal. 2013) (quotation omitted). As a matter of pleading, an affirmative defense is insufficient where it does not give the opposing party fair notice of the

2

affirmative defense. *Kohler v. Flava Enters., Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015). "[T]he 'fair notice' required by the pleading standards only requires describing the defense in general terms." *Id.* (quotation omitted).[3]

## II.   Analysis

### 1.   Affirmative Defenses Nos. 7, 16, 18, 24, 25, 26, 27, 28, and 29

The defendants did not respond to the SEC's motion to strike affirmative defenses 7, 16, 18, 24, 25, 26, 27, 28, and 29. Thus, under Local Rule 7-2(d), I grant the SEC's motion to strike these affirmative defenses. I dismiss these affirmative defenses without prejudice and with leave to amend because I do not "think such leave would be futile." *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008).

/ / / /

/ / / /

---

[3] The SEC argues that the *Twombly/Iqbal* plausibility standard applies to affirmative defense pleading instead of the "fair notice" standard. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "Post-*Kohler,* there is a split of authority within the Ninth Circuit and within this District as to whether affirmative defenses must be supported by sufficient factual allegations to meet the *Twombly/Iqbal* pleading standards." *Cervantes v. Las Vegas Metro. Police Dep't Det. Serv. Div.*, 2:17-cv-00562-MMD-DJA, 2021 WL 9217679 at *5 n.5 (D. Nev. Feb. 23, 2021) (quotation omitted). Some district courts in our circuit apply the *Twombly/Iqbal* plausibility standard to the pleading of affirmative defenses. *See, e.g. Goobich v. Excellgence Learning Corp.*, 5:19-cv-06771-EJD, 2020 WL 1503685 at *2 (N.D. Cal. March, 30, 2020) (collecting cases in the Northern District of California that apply the *Twombly*/*Iqbal* plausibility standard following *Kohler*). However, I am persuaded that "requiring that an affirmative defense . . . be described in 'general terms' does not invoke—and in fact appears inconsistent with—the heightened standard of substantive plausibility identified by *Twombly* and *Iqbal*." *Gomez*, 188 F. Supp. 3d at 992 (simplified); *see also Sims v. Peak Legal Advocs.*, No. SACV 18-1199 JVS (KESx), 2018 WL 8731538, at *1 (C.D. Cal. Nov. 16, 2018) ("Although other courts have held defendants to the *Iqbal* and *Twombly* standard of plausibility, in the Ninth Circuit, a 'fair notice' standard applies to pleading affirmative defenses."); *Heyman v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, No. 2:15-CV-01228-RFB-GWF, 2016 WL 11662273, at *1 (D. Nev. July 22, 2016) ("This district has ruled that the *Iqbal* pleading standard does not apply to affirmative defenses . . . because Rule 8(c) does not require a 'showing,' as does Rule 8(a)." (quotation omitted)).

**2. Affirmative Defenses Nos. 12, 17, 21, 22, and 30**

The defendants did not respond to the SEC's motion to construe affirmative defenses 12, 17, 21, 22, and 30 as denials. Based on Local Rule 7-2(d), I grant the SEC's motion to construe these affirmative defenses as denials.

**3. Affirmative Defense No. 1**

The first affirmative defense asserted is that Barry Markman is a necessary party in this enforcement action because he directed the defendants to take the alleged unlawful actions and knowingly participated in them. The SEC argues that the Commission is the sole architect of its enforcement proceedings and that parties cannot use compulsory joinder rules to circumvent its discretion. The plaintiffs respond that the SEC did not include Barry Markman in this action because he is cooperating with the Commission. The SEC replies that Barry Markman is not an indispensable party because his presence in the litigation does nothing to change the SEC's allegations that the defendants violated federal securities law.

A decision not to institute enforcement proceedings is "committed to agency discretion" and not judicially reviewable unless Congress says otherwise. *Heckler v. Chaney*, 470 U.S. 821, 832, 837 (1985). It is within the SEC's discretion to investigate and enforce the provisions of federal securities law. *See* 15 U.S.C. §§ 78u(a), (d). Thus, it was in the SEC's discretion not to bring an enforcement action against Barry Markman. Additionally, Barry Markman is not indispensable to the SEC's investigation of the defendants' alleged violations of federal securities laws and the enforcement of these laws against them because this action is about the defendants' actions. I grant the SEC's motion to strike affirmative defense number 1.

**4. Affirmative Defense No. 3**

4

The defendants' third affirmative defense is that AAM was not unjustly enriched. The SEC argues this is not an affirmative defense, it is a denial, because it denies SEC's allegation that AAM was unjustly enriched by Shinderman and Markman Biologics' unlawful activity. The defendants respond that because the SEC requests any relief I may determine is "just and necessary," this defense may apply. ECF No. 15 at 12. Because the defendants' statement that AAM was not unjustly enriched does not defeat liability "even if all the allegations in the complaint are true," it is not an affirmative defense. *Safeway Transit*, 954 F.3d at 1182. I grant the SEC's motion to construe affirmative defense number 3 as a denial.

### 5. Affirmative Defense No. 8

In their eighth affirmative defense, the defendants allege that some, or all, of the SEC's claims "are barred by the doctrine of laches." ECF No. 10 at 14. The SEC argues that traditionally the defense of laches cannot be brought against the United States, and that the defendants fail to allege any facts supporting this defense. The defendants respond that the Ninth Circuit allows the defense of laches against the federal government where there is a showing of affirmative misconduct on the government's part. The SEC replies that the defendants have not alleged any affirmative misconduct.

"It is well settled that the United States is not . . . subject to the defense of laches in enforcing its rights." *United States v. Summerlin*, 310 U.S. 414, 416 (1940). There may be "some allowance for laches against the government" but it "requires a showing of affirmative misconduct" on the government's part. *United States v. Ruby Co.*, 588 F.2d 697, 705 n.10 (9th Cir. 1978). Here, the defendants allege no facts identifying how the doctrine of laches would apply in this case, nor how the SEC engaged in affirmative misconduct, so they have not given the SEC fair notice of this defense. I grant the SEC's motion to strike affirmative defense

number 8. However, because I cannot conclude that the defendants' latches defense lacks merit under any facts they may allege, I strike it without prejudice and with leave to amend.

### 6. Affirmative Defense No. 9

In their ninth affirmative defense, the defendants allege that the SEC's claims are "barred and/or reduced by the contributory negligence and/or other fault of those other than the Responding Defendants, including the Markmans." ECF No. 10 at 15. The SEC moves to strike this defense because it "brought this action under its statutory mandate to enforce the federal securities laws" and is not seeking "damages, but rather disgorgement . . . and a civil penalty." ECF No. 12 at 8. The SEC argues that the defense of contributory negligence thus does not apply and should be struck. The defendants respond that the SEC ends its complaint by asking me to "[g]rant such other and further relief as this Court may determine to be just and necessary." ECF No. 15 at 12 (quotation omitted). The defendants argue that this means that the SEC could later seek money damages, so I should not strike this defense. The SEC replies that it is not required to prove damages or loss causation in an enforcement proceeding, so an "affirmative defense claiming that a third party contributed to, or caused, damages is thus irrelevant here." ECF No. 17 at 5.

"The general rule is that contributory negligence is a defense only to actions grounded on negligence." *Curry v. Fred Olsen Line*, 367 F.2d 921, 928 (9th Cir. 1966). *See also Consol. Rail Corp. v. Gottshall*, 512 U.S. 532, 543-44 (1994) (listing contributory negligence as a "common-law defense[] to liability" for "common-law concepts of negligence and injury"). The SEC brings fraud-based claims in this enforcement action, not negligence claims. *See* 15 U.S.C. §§ 77q(a); 78j(b); 77e(a) and (c); 17 C.F.R. § 240.10 b-5. *See also S.E.C. v. Rana Rsch. Inc.*, 8 F.3d 1358, 1359, 1363 n.4 (9th Cir. 1993) (stating that in an enforcement action for violations of 15

U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5, the SEC was not required to prove injury). As the SEC does not bring any negligence claims against the defendants, I grant the SEC's motion to strike affirmative defense number 9 without prejudice and with leave to amend because, if the complaint is amended to include a claim based on negligence, it is not clear that amendment would be futile.

### 7. Affirmative Defense 19

In affirmative defense 19, the defendants allege that the SEC is not entitled to attorney's fees or costs from AAM. Though the SEC asks me to strike this defense, it does not offer any support for its request. I therefore deny the SEC's motion to strike affirmative defense 19. *See* LR 7-2(d).

### 8. Affirmative Defense No. 20

In affirmative defense 20, the defendants allege that the SEC's claims against them are barred or limited by the doctrine of unclean hands. The SEC argues that, under the traditional rule, the doctrine of unclean hands cannot be invoked against a governmental agency enforcing a congressional mandate in the public interest unless the agency engaged in outrageous or unconstitutional activity that prejudiced the defendants on a constitutional level. The SEC argues that the defendants have not alleged any outrageous or unconstitutional activity. The defendants respond that they raise this defense because the SEC is basing this action on Barry Markman's testimony, though Barry Markman pursued this action for his personal benefit as the "mastermind of the alleged improper conduct," in an effort to take back the patents he transferred to Markman Biologics. ECF No. 15 at 13-14.

The defendants gave the SEC fair notice of their unclean hands defense. The fair notice standard for affirmative defenses "only requires describing the defense in general terms," which

7

the defendants have done. *Kohler*, 779 F.3d at 1019 (quotation omitted). *See, e.g. Springer v. Fair Isaac Corp.*, 14-cv-02238-TLN-AC, 2015 WL 7188234 (E.D. Cal. Nov. 16, 2015) (finding that a "vague and general" statement was enough to "put Plaintiff on notice of Defendant's intentions to claim an affirmative defense under the doctrine of unclean hands."). Thus, I deny the SEC's motion to strike affirmative defense number 20.

### 9. Affirmative Defense No. 23

In affirmative defense 23, the defendants allege that the SEC's claims against them are barred or limited by the doctrine of unjust enrichment. The SEC argues that because the Commission is not seeking forfeiture or damages, but instead is seeking a civil monetary penalty and disgorgement, this defense does not apply. The defendants respond that because the SEC ends its complaint by asking me to "[g]rant such other and further relief as this Court may determine to be just and necessary," the SEC "has not ruled out the possibility of seeking or obtaining monetary damages." ECF No. 15 at 12. The defendants reply that any disgorgement the SEC would receive from the defendants will be "returned to harmed investors or to the United States Treasury if distribution to harmed investors is infeasible." ECF No. 17 at 5. Thus, the SEC contends that any disgorgement would not enrich the SEC. I grant the SEC's motion to strike affirmative defense number 23 because the defendants have not pleaded how the SEC would be unjustly enriched as no monies will be retained by the SEC. I strike this defense without prejudice and with leave to amend as it is not clear that amendment will be futile if the SEC later amends its complaint to seek damages.

### 10. Affirmative Defenses Nos. 10 and 11

In their tenth affirmative defense, the defendants allege that the SEC lacks standing to assert its claims. The SEC asks me to strike this claim, arguing that they are authorized by

federal statute to bring enforcement actions to enforce federal securities law. In their eleventh affirmative defense, the defendants allege that some or all of the SEC's claims are barred because there is no provable injury to the SEC. The SEC also asks me to strike this defense, arguing that the SEC does not need to prove injury to itself as their duty is to enforce federal securities law. The defendants do not respond to the SEC's motions to strike either affirmative defense. I therefore grant the SEC's motion to strike both of these affirmative defenses as unopposed. LR 7-2(d).

I strike these affirmative defenses with prejudice because amendment would be futile. *Kendall*, 518 F.3d at 1051. The SEC has standing because Congress authorized the Commission to bring enforcement actions for violations of the Securities Act and Securities and Exchange Act. *See* 15 U.S.C. §§ 77t(b); 78u(e). Additionally, the SEC does not need to prove injury to itself in enforcement actions. *See Berko v. Sec. & Exch. Comm'n*, 316 F.2d 137, 143 (2d Cir. 1963) ("The Commission's duty is to enforce the remedial and preventive terms of the statute in the public interest, and not merely to police those whose plain violations have already caused demonstrable loss or injury.").

### III.   Conclusion

I THEREFORE ORDER that the plaintiff's motion to strike **(ECF No. 12) is GRANTED in part**. Affirmative defenses 1, 7, 8, 9, 10, 11, 16, 18, 23, 24, 25, 26, 27, 28, 29 are dismissed. Affirmative defenses: 3, 12, 17, 21, 22, 30 are construed as denials. The affirmative defenses that remain are 2, 5, 6, 13, 14, 15, 19 and 20.

I grant the defendants leave to file an amended answer by April 2, 2024.

DATED this 11th day of March, 2024.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE