UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Securities and Exchange Commission, | Case No. 2:23-cv-00288-APG-DJA |
| Plaintiff, | |
| v. | **Order** |
| Markman Biologics Corp. and Alan Shinderman, | |
| Defendants, | |
| and | |
| Aspen Asset Management Services, LLC | |
| Relief Defendant. | |

The Securities and Exchange Commission ("SEC") brings this enforcement action against Markman Biologics Corporation; Alan Shinderman; and relief defendant Aspen Asset Management Services, LLC ("AAM"). Shinderman is the CEO of Markman Biologics and sole owner and operator of AAM. AAM provided various business services to Markman Biologics.

This enforcement action arises from the Defendants' various securities offerings to raise money for Markman Biologics' operations. The SEC brings claims against the Defendants for fraud in the offer, purchase, or sale of securities and offering and selling unregistered securities through interstate commerce. The SEC seeks disgorgement of AAM's unjust enrichment.

AAM and Shinderman's counsel—the law firms of Marquis Aurbach and Lucosky Brookman LLP—move to withdraw their representation of both Defendants, explaining that Defendants have not paid their legal fees and that the relationship between counsel and clients has broken down. (ECF Nos. 61, 62). The SEC opposes the motions, asserting in part that withdrawal will impede discovery. (ECF No. 63). Since opposing, the SEC has filed various discovery motions. (ECF Nos. 65, 71, 72). Marquis Aurbach and Lucosky Brookman LLP move

to extend the time for Shinderman and AAM to respond to the SEC's various discovery motions until fourteen days after the Court decides counsel's motion to withdraw. (ECF No. 73). Marquis Aurbach and Lucosky Brookman LLP explain that they cannot provide substantive responses to these motions on their clients' behalf given the breakdown in communication. (*Id.*). Marquis Aurbach and Lucosky Brookman LLP also move the Court to decide the motion to extend time on an expedited basis. (ECF No. 74).

### I. Motions to withdraw (ECF Nos. 61, 62).

The Court grants Marquis Aurbach and Lucosky Brookman LLP's motions to withdraw. (ECF Nos. 61, 62). Marquis Aurbach and Lucosky Brookman LLP have met the requirements of Local Rule IA 11-6(b). And Defendants did not file a response to either motion, constituting their consent to the Court granting it. *See* LR 7-2(d). Shinderman even filed his own, *pro se* motion to stay the case despite being represented, indicating that he intends to retain new counsel. (ECF No. 64). While the SEC opposes Marquis Aurbach and Lucosky Brookman's motions to withdraw, it has not demonstrated that it would face prejudice other than a prolonging of this case. And, as Marquis Aurbach and Lucosky Brookman LLP point out, they cannot continue to represent AAM and Shinderman given the breakdown in communication. The Court thus grants Marquis Aurbach and Lucosky Brookman's motions to withdraw. AAM shall have until October 14, 2024 to retain counsel in this action. *See Reading Intern., Inc. v. Malulani Group, Ltd.*, 814 F.3d 1046, 1053 (9th Cir. 2016) (explaining that corporations must be represented by counsel).

### II. Motion to extend response deadlines (ECF No. 73).

The Court grants Marquis Aurbach and Lucosky Brookman's motion to extend the deadline for Shinderman and AAM to respond to the SEC's motion to compel (ECF No. 65), motion for leave to take a second deposition of Shinderman (ECF No. 71), and motion to extend discovery (ECF No. 72). Because the Court grants the motions to withdraw, it will extend the deadline for Shinderman and AAM to respond to all three motions to November 11, 2024.

### III. Motion to decide the motion to extend on an expedited basis (ECF No. 74).

Because the Court has decided the motion to extend response deadlines on an expedited basis, it grants Marquis Aurbach and Lucosky Brookman's motion to shorten time.

**IT IS THEREFORE ORDERED** that Marquis Aurbach and Lucosky Brookman LLP's motions to withdraw (ECF Nos. 61, 62) are **granted.**

**IT IS FURTHER ORDERED** that Aspen Asset Management Services, LLC must retain counsel to proceed in this action and must file a status report regarding its retention of counsel on or before **October 14, 2024**.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to place Aspen Asset Management Services, LLC and Alan Shinderman's last known addresses on the docket:

**Alan Shinderman**
12 Cowboys Way
Apt. 1708
Frisco, TX 75034

**Aspen Asset Management Services, LLC**
12 Cowboys Way
Apt. 1708
Frisco, TX 75034

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send a copy of this order to Asset Management Services, LLC and Alan Shinderman at the addresses listed above.

**IT IS FURTHER ORDERED** that Marquis Aurbach and Lucosky Brookman LLP's motion to extend time (ECF No. 73) and motion to shorten time (ECF No. 74) are **granted.** Asset Management Services, LLC and Alan Shinderman shall have until **November 11, 2024** to respond to the SEC's motions filed at ECF Nos. 65, 71, and 72.

DATED: September 13, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE