Attorneys for Plaintiff
Securities and Exchange Commission
Edward J. Reilly, Trial Attorney (admitted *pro hac vice*)
Derek Bentsen, Trial Attorney (admitted *pro hac vice*)
Ada Fernandez Johnson, Counsel (admitted *pro hac vice*)
Katherine H. Stella, Senior Counsel (admitted *pro hac vice*)
100 F Street NE
Washington DC 20549
Telephone: (202) 551-6791 (Reilly)
Facsimile: (202) 551-9287

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>             Plaintiff,<br><br>   vs.<br><br>MARKMAN BIOLOGICS CORP. and ALAN SHINDERMAN,<br><br>             Defendant,<br><br>   and<br><br>ASPEN ASSET MANAGEMENT SERVICES, LLC<br><br>             Relief Defendant | Case No. 2:23-cv-00288-APG-DJA<br><br>**MOTION FOR CONTINUANCE FOR DISPOSITVE MOTION DEADLINE (FIRST REQUEST)** |

# STIPULATED MOTION FOR CONTINUANCE OF DISPOSITIVE MOTION DEADLINE (FIRST REQUEST)

Plaintiff Securities and Exchange Commission ("SEC" or "Plaintiff"), by and through its undersigned counsel of record, joined by Defendant Alan Shinderman (collectively, the "Parties"), hereby moves for a continuance of the dispositive motion deadline (currently October 24, 2024), as more specifically set forth below. This motion, the first request for a continuance of the dispositive motion deadline, is being submitted in good faith and for the following good cause shown:

1. On July 18, 2024, the Court granted in part and denied in part the SEC's Motion to Compel (ECF. 44); denied Defendants' Motion for Protective Order (ECF No. 51) and Motion to Quash (ECF No. 52) and granted in part SEC's motion to extend discovery (ECF. No 55), extending the cut-off for fact discovery to September 9, 2024, the deadline for dispositive motions to October 24, 2024, and the deadline for the proposed joint pretrial order to November 23, 2024 or 30 days after decision on dispositive motions (ECF No. 59).

2. There are ongoing discovery disputes in this case as reflected by the SEC's motion to compel (ECF No. 65), motion for leave to take a second deposition from Mr. Shinderman (ECF No. 71), and motion to extend the time frame for discovery (ECF No. 72).

3. On September 13, 2024, the Court granted motions by Marquis Aurbach Chtd. and Lucosky Brookman LLP to withdraw their representation of Defendants (ECF Nos. 61 and 62); granted motions by Marquis Aurbach and Lucosky Brookman LLP motion to extend time (ECF No. 73) and motion to shorten time (ECF No. 74). ECF No. 76. The Court further ordered Aspen Asset Management Services, LLC to retain counsel to proceed in this action and file a status report regarding its retention of counsel on or before October 14, 2024; and ordered Defendants to respond to SEC's recent discovery motions (ECF Nos. 65, 71, and 72) by November 11, 2024.

4. On September 18, 2024, Attorney Ross C. Goodman entered an appearance in this matter on behalf of Mr. Shinderman. ECF No. 77.

5. On September 19, 2024, the Court granted Attorney Richard Bruce Herman's verified petition (ECF No. 78) for permission to practice pro vice in this matter on behalf of Mr. Shinderman. ECF No. 79.

6. Although the deadline for dispositive motions is October 24, 2024, the Court will not have the opportunity to rule on SEC's motion to compel (ECF No. 65) and motion for leave to take a second deposition from Mr. Shinderman (ECF No. 71) – both of which raise critical issues related to fact discovery – until after Mr. Shinderman responds to the SEC's discovery motions, and that response is due November 11, 2024.

7. The Parties agree that the outstanding discovery issues, including the SEC's motion to extend time frame for discovery (ECF No. 72), should be resolved before the Parties submit dispositive motions.

8. The Parties also agree that Mr. Shinderman's new counsel need additional time to familiarize with the details on this case.

9. Although Messrs. Herman and Goodman, at least for the present, only represent Mr. Shinderman and not Aspen Asset Management, the interests of orderly administering this case are best served by both defendants being on the same schedule. The SEC therefore requests that the new proposed schedule for dispositive motions apply to Aspen Asset Management as well. The October 14, 2024 deadline for Aspen Asset Management to file a Status Report regarding its retention of counsel should remain in place.

10. Mr. Shinderman does not object to these requests by the SEC.

11. Accordingly, the SEC and Mr. Shinderman respectfully request a continuance of the dispositive motion deadline to either:

   a. 60 days from the conclusion of fact discovery (if the Court grants one or more of the SEC's pending motions (ECF Nos. 65, 71 and 72); or

   b. 60 days from when the Court denies the SEC's motions to compel (ECF Nos. 65, 71 and 72).

STIPULATED AND AGREED TO:
Dated this 27th day of September, 2024

By:/s/ Richard B. Herman
    Richard B Herman. Esq.
    The Helmsley Building
    230 Park Avenue, Suite 300
    New York, NY 10169
    *Attorney for Defendant Alan Shinderman*

By: /s/Edward J. Reilly
    Edward J. Reilly Esq.
    Derek Bentsen, Esq.
    Ada Fernandez Johnson, Esq.
    Katherine H. Stella, Esq.
    100 F Street, NE
    Washing DC 20549
    *Attorneys for Plaintiff Securities and Exchange Commission*

By:/s/ Ross C. Goodman
    Ross C. Goodman. Esq.
    Goodman Law Group
    520 S. 4th Street, #200
    Las Vegas, NV 89101
    *Attorneys for Defendant Alan Shinderman*

IT IS SO ORDERED.

_____
United States District Court Magistrate Judge
DATED: 10/1/2024

**PROOF OF SERVICE**

I am over the age of 18 years and not a party to this action. My business address is:

U.S. SECURITIES AND EXCHANGE COMMISSION,
100 F STREET NE, WASHINGTON, D.C. 20549
Telephone No. (202) 802-5846; Facsimile No. (202) 551-9287.

On September 27, 2024, I caused to be served the document entitled **SEC'S MOTION FOR CONTINUANCE FOR DISPOSITIVE MOTION DEADLINE (FIRST REQUEST)** on all the parties to this action addressed as stated on the attached service list:

☐ **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐ **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐ **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐ **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☐ **UNITED PARCEL SERVICE:** By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☐ **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒ **E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐ **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date: September 27, 2024        */s/ Edward Reilly*
                                Edward Reilly