Attorneys for Plaintiff
Securities and Exchange Commission
Edward J. Reilly, Trial Attorney (admitted pro hac vice)
Derek Bentsen, Trial Attorney (admitted pro hac vice)
Ada Fernandez Johnson, Counsel (admitted pro hac vice)
Katherine H. Stella, Senior Counsel (admitted pro hac vice)
100 F Street NE
Washington DC 20549
Telephone: (202) 551-6791 (Reilly)
Facsimile: (202) 551-9287

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>         Plaintiff,<br><br>vs.<br><br>MARKMAN BIOLOGICS CORP. and ALAN SHINDERMAN,<br><br>         Defendants,<br><br>         *and*<br><br>ASPEN ASSET MANAGEMENT SERVICES, LLC<br><br>         Relief Defendant. | Case No. 2:23-cv-288-APG-DJA<br><br>**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S MEMORANDUM IN OPPOSITION TO MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT ALAN SHINDERMAN** |

Plaintiff Securities and Exchange Commission (the "SEC") respectfully submits this memorandum in opposition to the motion to withdraw as counsel from representation of Defendant Alan Shinderman ("Shinderman") filed by Ross C. Goodman, Esq., Goodman Law Group, P.C. ("Defense Counsel"). DE 105.

## PLAINTIFF'S MEMORANDUM IN OPPOSITION

Defense Counsel has moved to withdraw from his representation of Shinderman while this matter is at a critical junction: the SEC's fully briefed motion for summary judgment is currently pending before the Court. *See* DE 99 (SEC's motion for summary judgment); DE 102 (Shinderman's opposition); DE 106 (SEC's reply). Notably, this represents the fourth motion to withdraw by Shinderman's attorneys in less than a year.

Courts have denied withdrawal "where the court finds that withdrawal would work an injustice or cause undue delay." *Harris v. Diamond Dolls of Nevada, LLC*, No. 319CV00598RCJCBC, 2023 WL 6059667, at *3 (D. Nev. Sept. 18, 2023) (*quoting Echostar Satellite, L.L.C. v. Viewtech, Inc.*, 2010 WL 11509159, at *2 (S.D. Cal. Apr. 16, 2010); *see also* LR IA 11-6(e) ("Except for good cause shown, no withdrawal or substitution will be approved if it will result in delay of discovery, the trial, or any hearing in the case."). Here, permitting withdrawal would leave Shinderman without representation at a pivotal moment—while a dispositive motion is pending. Withdrawal would likely cause delays as new counsel may seek additional time to become familiar with the record if, for example, the Court were to schedule oral arguments on the SEC's motion for summary judgment. This further delay would prejudice the SEC, which has diligently pursued this litigation since filing its Complaint in February 2023. DE 1 (Complaint).

Permitting withdrawal perpetuates Shinderman's pattern of delay of the final resolution to this case. This is the *fourth* motion to withdraw by Shinderman's attorneys in less than a year. *See* DE 61 (Chad F. Clement, Alexander K. Calaway, Harry L. Arnold); DE 62 (David Rosenfield); DE 93 (Richard Bruce Herman). Each of those motions to withdraw was based on Shinderman's failure to pay his attorneys' fees. *See id*. Each time Shinderman's attorneys withdraw for lack of payment, he is somehow able to retain new counsel. And, each time, this process has delayed this litigation. *See* DE 81 (granting parties' joint request for continuance of dispositive motion deadlines requested

in part because, "[t]he Parties also agree that Mr. Shinderman's new counsel need additional time to familiarize with the details on this case."); DE 85 (granting parties' joint request for a 60-day extension requested in part because "The Parties met for a conference on November 5, 2024 to discuss additional time [for new counsel to] *familiarize with the details on this case*, review additional discovery, and discuss settlement." (emphasis added); DE 95 (granting parties' joint request for a 60-day extension requested because "[c]ounsel for Mr. Shinderman, who did not begin representing Mr. Shinderman until September 18, 2024 (ECF No. 77), seeks an additional 60 days of fact discovery to issue additional discovery requests"). Granting a fourth withdrawal would allow Shinderman to continue this pattern of delay and cause undue prejudice to the SEC.

      The SEC suggests that it would be more appropriate (and far less prejudicial) to allow counsel to withdraw after the Court rules on the SEC's motion for summary judgment. The SEC is not proposing that Shinderman's counsel be asked to continue through trial or substantially expand his representation. Any potential inconvenience to counsel in continuing his representation of Shinderman through resolution of the pending summary judgment motion—which is already fully-briefed—is substantially outweighed by the prejudice to SEC and the Court's interest in efficient adjudication of this matter.

      For the foregoing reasons, the SEC respectfully requests that the Court deny the motion to withdraw as counsel at this time.

Dated: July 14, 2025                          Respectfully submitted,

                                                     */s/ Edward J. Reilly*
                                                     Edward J. Reilly
                                                     Ada Fernandez Johnson
                                                     Katherine H. Stella
                                                     Derek Bentsen
                                                     Attorneys for Plaintiff
                                                     Securities and Exchange Commission

# PROOF OF SERVICE

I am over the age of 18 years and not a party to this action. My business address is:

U.S. SECURITIES AND EXCHANGE COMMISSION,
100 F Street, NE, Washington, DC 20549
Telephone No. (202) 551-6426; Facsimile No. (202) 772-9282.

On July 14, 2025, I caused to be served the document entitled **PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S MEMORANDUM IN OPPOSITION TO MOTION TO WITHDRAW** on all the parties to this action addressed as stated on the attached service list:

☐ **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐ **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐ **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐ **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☐ **UNITED PARCEL SERVICE:** By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☐ **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒ **E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐ **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date: July 14, 2025                              */s/ Edward Reilly*
                                                 Edward Reilly

3