Ross C. Goodman, Esq.
Nevada Bar No. 7722
GOODMAN LAW GROUP, P.C.
520 S. Fourth Street, Second Floor
Las Vegas, Nevada 89101
Telephone: (702) 383-5088
Facsimile: (702) 385-5088
Email: ross@goodmanlawgroup.com
*Attorneys for Alan Shinderman*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>MARKMAN BIOLOGICS CORP. and ALAN SHINDERMAN,<br><br>Defendant,<br><br>and<br><br>ASPEN ASSET MANAGEMENT SERVICES, LLC<br><br>Relief Defendant | Case No.: 2:23-cv-00288-APG-DJA<br><br>**REPLY IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT ALAN SHINDERMAN** |

There is no opposition that counsel has suffered an unreasonable financial burden and that good cause exists to grant the motion to withdraw. The SEC does not dispute counsel's representations in his declaration attached to the Motion to Withdraw (ECF No. 105) that the continued representation of Shinderman will result in a significant financial burden to counsel. The lack of payment and resulting financial hardship was acknowledged by Shinderman before co-counsel withdraw (ECF No. 93) and prior to the dispositive motion deadline. Nonetheless, counsel expended additional time and resources responding to the motion for summary judgment

exacerbating counsel's financial burden.

The SEC also overlooks the fact that Shinderman consented to counsel's withdrawal. Instead, the SEC seeks to tie counsel's withdrawal to a future date which presumes the court will schedule a hearing. Regardless of whether a hearing is set on the motion for summary judgment, this Court presumably would give Shinderman two weeks or more after granting the instant motion to hire alternative counsel or represent himself. This brief delay does not result in an "undue" delay to the prejudice of the SEC. The SEC speculates that "withdrawal ***would*** likely cause delays" but does not present any evidence to support this claim. Nonetheless, even if the instant motion would result in a delay of the summary judgment hearing, such delay does not preclude withdrawal upon a showing of "good cause." *See* LR IA 11-6(e).[1]

Likewise, the SEC's desire to force counsel to remain on the case until a hearing is scheduled - which may never occur - does not outweigh the unreasonable financial burden suffered by counsel.[2] (ECF No. 107 at 1). As a governmental agency, the SEC may not appreciate how a financial hardship affects a solo practitioner's business - which is anything but a "potential inconvenience." (ECF No. 107 at 2). The accumulating balance, coupled with the ongoing fees and expenses, has been, and continues to be, a significant financial burden to counsel. A brief delay in scheduling a hearing (if that happens) does not substantially outweigh the unreasonable financial burden suffered by counsel or any prejudice the SEC claims may result.

---

[1] Importantly, courts have found that a party's failure to honor financial obligations satisfied the "good cause" requirement. *See, e.g., Krogstad v. Nationwide Biweekly Admin., Inc.*, No. 216CV00465APGCWH, 2019 WL 3936388, at *2 (D. Nev. Aug. 19, 2019); *NAC Found., LLC v. Jodoin*, No. 216CV01039GMNVCF, 2017 WL 9771836 (D. Nev. Nov. 14, 2017), report and recommendation adopted, No. 216CV01039GMNVCF, 2018 WL 10456274 (D. Nev. Apr. 2, 2018); *Vahora v. Valley Diagnostics Lab'y Inc.*, No. 1:16-CV-01624-SKO, 2018 WL Case 2:23-cv-00288-APG-DJA.

[2] There is no support for this contention especially given that the SEC previously stipulated to two 60-day extensions during discovery which did not unduly delay this litigation. (ECF No. 107 at 2).

As such, good cause exists to grant the Motion on this basis alone, notwithstanding any delay that may or may not result.

DATED this 15th day of July 2025.

                                         GOODMAN LAW GROUP, P.C.

                                         */s/ Ross C. Goodman, Esq.*
                                         Ross C. Goodman, Esq.
                                         Nevada State Bar No. 7722
                                         520 S. Fourth Street, Second Floor
                                         Las Vegas, Nevada 89101
                                         *Attorneys for Defendant Alan Shinderman*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 15th day of July 2025, a true and correct copy of the foregoing Reply in Support of Motion to Withdraw as Counsel for Defendant Alan Shinderman was served by using the CM/ECF system.

                                         */s/ Tiffanie Johannes*
                                         Employee of Goodman Law Group, P.C.