# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

Securities and Exchange Commission,

    Plaintiff,

v.

Markman Biologics Corp. and Alan Shinderman; et al.,

    Defendants,

and

Aspen Asset Management Services, LLC,

    Relief Defendant.

Case No. 2:23-cv-00288-APG-DJA

**Order**

Ross C. Goodman, Esq. of the law firm Goodman Law Group, P.C. moves to withdraw as counsel of record for Defendant Alan Shinderman.  (ECF No. 105).  The Securities and Exchange Commission ("SEC") opposes, arguing that the withdrawal will result in delay.  (ECF No. 107).  However, the SEC's motion for summary judgment is fully briefed and there are no outstanding discovery deadlines other than the potential joint pretrial order deadline.  (ECF No. 95).  The Court further finds that counsel has met the requirements of Local Rule IA 11-6(b).[1]  So, the Court grants Ross C. Goodman's motion.

Additionally, Shinderman has responded on Relief Defendant Aspen Asset Management Services, LLC's behalf ("AAMS") to the Court's order to show cause.  (ECF No. 97).  Shinderman explains that AAMS ceased operating business and remains in default status, meaning that it lacks the assets and finances to hire counsel.  A corporation may appear in federal

---

[1] Goodman's motion does not indicate that he served the motion on Shinderman, but indicates that Goodman has discussed withdrawal with Shinderman and Shinderman has consented to the withdrawal.  In an abundance of caution, the Court will send Shinderman a copy of this order.

court only through licensed counsel. *U.S. v. High Country Broadcasting Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993). When a corporation fails to do so, a district court may enter a default judgment against that corporation. *See id.* However, given AAMS's status as a relief defendant, the fact that the SEC has not sought relief related to AAMS's failure to retain counsel, and the fact that the issue has not been briefed, it is not clear to the Court that default or any other sanction is appropriate. *See Securities and Exchange Commission v. World Capital Market, Inc.*, 864 F.3d 996, 1003-04 (9th Cir. 2017) (explaining that a relief defendant is not a real party in interest but is instead a third party who is "in possession of funds to which they have no rightful claim, such as money that has been fraudulently transferred by the defendant in the underlying securities enforcement action"). So, the Court declines to recommend sanctions at this stage and will deem its order to show cause satisfied.

**IT IS THEREFORE ORDERED** that Goodman's motion to withdraw (ECF No. 105) is **granted.**

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to **place** Alan Shinderman's last known address on the docket and to **send** him a copy of this order at that address.

**Alan Shinderman**
3101 Gaylord Pkwy 1101
Frisco, TX, US
75034
702-480-5082

**IT IS FURTHER ORDERED** that the Court deems its order to show cause (ECF No. 96) **satisfied.**

DATED: September 2, 2025

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE